**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**

|  |  |  |
|---|---|---|
| LORENZO HARRISON, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 24-cv-01075-LKG |
| | ) | |
| v. | ) | Dated: May 5, 2025 |
| | ) | |
| LLOYD J. AUSTIN, III, | ) | |
| Secretary of the Department of Defense, | ) | |
| | ) | |
| Defendant.[1] | ) | |
| | ) | |

**MEMORANDUM OPINION**

**I.    INTRODUCTION**

In this employment discrimination matter, the Plaintiff, Lorenzo Harrison, asserts employment discrimination and retaliation claims, against the Defendant, Secretary of Defense Peter Hegseth, arising from his employment with the United States Department of Defense ("DOD"), pursuant to Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e. *See generally* ECF No. 7.  The Government has moved to dismiss the complaint, for lack of venue and failure to state a claim, pursuant to Fed. R. Civ. P. 12(b)(3) and (b)(6).  ECF No. 15. The motion is fully briefed.  ECF Nos. 15-1, 17 and 18.  No hearing is necessary to resolve the motion.  *See* L.R. 105.6 (D. Md. 2023).  For the reasons that follow, the Court: (1) **GRANTS-in-PART** the Defendant's motion to dismiss (ECF No. 15) and (2) **TRANSFERS** this case to the United States District Court for the Eastern District of Virginia.

**II.    FACTUAL BACKGROUND AND PROCEDURAL HISTORY[2]**

**A.  Factual Background**

In this employment discrimination matter, Plaintiff Lorenzo Harrison brings employment discrimination and retaliation claims against Secretary of Defense Hegseth, arising from his

---

[1] The Clerk is DIRECTED to substitute Secretary of Defense Peter Hegseth as the named Defendant in this matter.

[2] The facts in this memorandum opinion and order are taken from the complaint.  ECF No. 7.  Unless otherwise stated, the facts recited herein are undisputed.

employment with the DOD, pursuant to Title VII.  ECF No. 7.  Specifically, the Plaintiff asserts the following three claims in the complaint: (1) Title VII discrimination on the basis of race (Count I); Title VII "discrimination on the basis of retaliation" (Count II); and (3) Title VII disparate impact (Count III).  *Id.* at ¶¶ 61-75.  As relief, the Plaintiff seeks, among other things, to recover compensatory damages, punitive damages, front pay, and attorney fees and costs from the Government.  *Id.* at Prayer for Relief.

The Parties

Plaintiff Lorenzo Harrison is an African American man and a resident of Maryland.  *Id.* at ¶¶ 4 and 24.

Defendant Peter Hegseth is the Secretary of the Department of Defense.  *See id.* at ¶ 5.

The Plaintiff's Employment History

The Plaintiff identifies as an African American male and he is a former employee of the DOD.  *Id.* at ¶¶ 4 and 24.  In May 1999, the Plaintiff joined the DOD as an intern, and in January 2000, he earned full-time employment as a special agent.  *Id.* at ¶¶ 19-20.  The Plaintiff remained employed by the DOD until his resignation from the agency on July 21, 2021.  *Id.* at ¶¶ 21 and 60.

In March 2021, the Plaintiff was stationed as the Regional Director at Camp Arifjan, which is a United States Army Installation located in Kuwait.  *Id.* at ¶ 27.  The Plaintiff alleges that his DOD supervisors at that time, Stanley Newell and Eston Presnell, subjected him to living conditions that were worse than those of previous Regional Directors who were White.  *Id.*

In this regard, the Plaintiff alleges that his supervisors afforded him "less authority" than the predecessor Regional Director, Matt Day, who is White.  *Id.*  The Plaintiff also alleges that new policies were created by the DOD that were not in place during the tenure of previous Regional Directors who were not Black, that he was subjected to micromanagement by his supervisors and denied access to support resources that had previously been provided to non-Black Regional Directors.  *Id.* at ¶ 27.

Lastly, the Plaintiff alleges that the DOD placed him under the supervision of Mr. Newell and Mr. Presnell, despite the fact that he had filed three EEOC complaints against these individuals in June 2016, November 2019 and September 2020.  *Id*. at ¶¶ 24-25.  And so, the Plaintiff contends that his treatment while serving as the Regional Director in Kuwait caused him stress, resulting in, among other things, a panic attack.  *Id.* at ¶ 30.

2

In this regard, the Plaintiff alleges that he checked himself into the hospital in Kuwait in May 2021 or early June. *See id.* at ¶¶ 30 and 34. The Plaintiff also alleges that he requested sick leave several times following his release from the hospital, but the DOD denied these requests. *Id.* at ¶ 34.

After the Plaintiff experienced stress and anxiety, he requested leave under the Family and Medical Leave Act ("FMLA"), but the DOD also denied this request. *Id.* at ¶¶ 35-38. The Plaintiff alleges that the DOD also restricted his access to classified information and facilities after the "blackout incident." *Id.* at ¶¶ 40-43. In addition, the DOD also placed the Plaintiff on administrative leave and sent him back to the United States. *See id.* at ¶¶ 39-40.

When the DOD prepared to ship the Plaintiff's belongings to the United States, the agency discovered ammunition in the Plaintiff's luggage. *Id.* at ¶ 44. And so, the DOD opened an investigation into the this incident on June 22, 2021. *Id.*[3]

Upon his return to the United States, the Plaintiff remained on administrative leave until he resigned from the DOD on July 21, 2021. *Id.* at ¶ 60.[4]

### B.    Procedural History

The Plaintiff commenced this employment discrimination action on April 12, 2024. ECF No. 1. On September 3, 2024, the Government filed a motion to dismiss, pursuant to Fed. R. Civ. P. 12(b)(3) and (b)(6). ECF Nos. 15 and 15-1.

On September 17, 2024, the Plaintiff filed a response in opposition to the Government's motion to dismiss. ECF No. 17. On October 1, 2024, the Government filed a reply brief. ECF No. 18.

The Government's motion to dismiss having been fully briefed, the Court resolves the pending motion.

---

[3] The DOD investigation found no credible facts "of unprofessional or criminal conduct" by the Plaintiff. *Id.* at ¶ 49.

[4] The Plaintiff filed discrimination complaints related to his employment with the DOD in June 2016, November 2019, September 2020, March 2021, May 2021, and October 2021. *See id.* at ¶ 24. The EEOC denied the Plaintiff's claim related to the October 2021 complaint and the Plaintiff appealed the EEOC's denial decision on December 20, 2022. *Id.* at ¶ 10. On September 29, 2023, the Plaintiff requested a Right to Sue letter from the EEOC. *Id.* at ¶ 12.

3

### III.    LEGAL STANDARDS

#### A.  Venue And Fed. R. Civ. P. 12(b)(3)

This Court has held that "[a] defendant may challenge the sufficiency of a plaintiff's choice of venue by way of a motion under Rule 12(b)(3)." *Stone v. Wells Fargo Bank, N.A.*, 361 F. Supp. 3d 539, 549 (D. Md. 2019).  When such a challenge is raised, the plaintiff bears the burden of demonstrating that venue is appropriate. *Brito v. Major Energy Elec. Servs., LLC*, 526 F. Supp. 3d 95, 109 (D. Md. 2021); *see also Mitrano v. Hawes*, 377 F.3d 402, 405 (4th Cir. 2004) (the plaintiff has the burden to make a *prima facie* showing that venue is proper in the district where a case is filed).  And so, where venue is improper, a court should either dismiss the case or transfer it to another district court in which it could have been brought.  *See* Fed. R. Civ. P. 12(b)(3); 28 U.S.C. § 1406(a).

Relevant to the pending motion to dismiss, Title VII claims are subject to a special venue provision that overrides the general venue provision set forth in 28 U.S.C. § 1391.  *See* 42 U.S.C. § 2000e-5(f)(3); *see also Stebbins v. Nationwide Mut. Ins. Co.*, 469 F.2d 268, 270 (4th Cir. 1972).  And so, venue is proper in a Title VII case in: (1) "any judicial district in the State in which the unlawful employment practice is alleged to have been committed;" (2) "the judicial district in which the employment records relevant to such practice are maintained and administered;" or (3) "the judicial district in which the aggrieved person would have worked but for the alleged unlawful employment practice."  42 U.S.C. § 2000e-5(f)(3).  In addition, "if the respondent is not found within any such district, such an action may be brought within the judicial district in which the respondent has [its] principal office."  *Id.*

### IV.    ANALYSIS

The Government has moved to dismiss this employment discrimination matter, or to transfer the case for improper venue, pursuant to Fed. R. Civ. P. 12(b)(3) and (b)(6), upon the grounds that venue is not proper in the District of Maryland and the complaint fails to state plausible discrimination and retaliation claims under Title VII.  ECF No. 15.  And so, the Government requests that the Court either dismiss this matter, or transfer the case to the Eastern District of Virginia.  *Id.* at 7 and 18.

The Plaintiff counters that the Court should not dismiss or transfer this matter, because venue is proper in the District of Maryland and the complaint contains sufficient factual

allegations to state plausible discrimination and retaliation claims under Title VII.  ECF No. 17. And so the Plaintiff requests that the Court deny the Government's motion.  *Id.* at 30.

For the reasons that follow, the Plaintiff has not met his burden to show that venue for this case is proper in the District of Maryland.  And so, the Court: (1) GRANTS-in-PART the Government's motion to dismiss (ECF No. 15) and (2) TRANSFERS this matter to the Eastern District of Virginia.

### A.  Venue Is Not Proper In The District Of Maryland

As an initial matter, the Plaintiff has not met his burden to show that venue for this employment discrimination matter is proper in the District of Maryland.  Title VII claims are subject to a special venue provision that overrides the general venue provision set forth in 28 U.S.C. § 1391.  *See* 42 U.S.C. § 2000e-5(f)(3); *see also Stebbins v. Nationwide Mut. Ins. Co.*, 469 F.2d 268, 270 (4th Cir. 1972).  And so, venue is proper in this Title VII case in either: (1) "any judicial district in the State in which the unlawful employment practice is alleged to have been committed;" (2) "the judicial district in which the employment records relevant to such practice are maintained and administered;" or (3) "the judicial district in which the aggrieved person would have worked but for the alleged unlawful employment practice."  42 U.S.C. § 2000e-5(f)(3).  If the Defendant in this case is not found within any of these districts, venue is also appropriate within the judicial district in which the Defendant has its principal office.  *Id.*

In this case, the complaint and undisputed facts show that venue is not proper in the District of Maryland under the special venue provision for Title VII cases.  First, there is no dispute that the alleged unlawful employment practices at issue in this matter occurred overseas. ECF No. 7 at ¶ 27 (alleging discriminatory acts that occurred in Kuwait); ECF No. 17 at 17 (acknowledging that the discriminatory incidents occurred in a foreign country); ECF No. 15 at 7.  Given this, venue is not proper in the District of Maryland under the first prong of Title VII's special venue provision.

The complaint also makes clear that venue in the District of Maryland is not proper under the second prong of Title VII's venue provision, because the Plaintiff's employment records are not maintained and administered in this judicial district.  Indeed, as the Plaintiff acknowledges, his employment records "are kept and maintained within data centers and servers located all across the country."  ECF No. 17 at 17.

Lastly, the third prong of the special venue provision for Title VII matters is also unhelpful to the Plaintiff, because the Plaintiff has not shown that he would have worked in the District of Maryland, "but for the alleged unlawful discrimination practice." *See* 42 U.S.C. § 2000e-5(f)(3). Rather, the Plaintiff acknowledges that he would have worked in Kuwait, but for the employment discrimination and retaliation alleged in the complaint. *See* ECF No. 7 at ¶ 68. And so, the Plaintiff also cannot rely upon the third prong of Title VII's venue provision to bring this matter in the District of Maryland.

The Court also observes that the DOD does not have its principal office in the District of Maryland. *See* 42 U.S.C. § 2000e-5(f)(3). Rather, the DOD's principal office is the Pentagon, which is located in Arlington, Virginia.

Given this, the Eastern District of Virginia is the proper judicial district to consider the Plaintiff's Title VII claims. And so, in the interest of justice, the Court TRANSFERS this case to the United States District Court for the Eastern District of Virginia. 28 U.S.C. § 1406(a); *see Est. of Stephen Bank v. Swiss Valley Farms Co.*, 286 F. Supp. 2d 514, 521-22 (D. Md. 2003); *Gov't of Egypt Procurement Off. v. M/V ROBERT E. LEE*, 216 F. Supp. 2d 468, 473 (D. Md. 2002).[5]

## V.    CONCLUSION

For the foregoing reasons, the Court:

(1) **GRANTS-in-PART** the Defendant's motion to dismiss (ECF No. 15); and

(2) **TRANSFERS** this case to the United States District Court for the Eastern District of Virginia.

A separate Order shall issue.

**IT IS SO ORDERED.**

s/Lydia Kay Griggsby
LYDIA KAY GRIGGSBY
United States District Judge

---

[5] The Court does not reach the Defendant's arguments for dismissal of the complaint under Rule 12(b)(6). *See One on One Basketball, Inc. v. Global Payments Direct, Inc.*, 38 F. Supp. 3d 44, 51-52 (D.D.C. 2014).

6